IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALFRED LANE-BEY, <br> *also known as Moorish-American* <br> *also known as Alfred Darnell Lane*, <br>    Plaintiff, <br><br> v. <br><br> ALFRED DARNELL LANE, *et al.*, <br>    Defendants. | Civil Action No. 7:22-cv-00656 <br><br> By: Elizabeth K. Dillon <br>     United States District Judge |

**MEMORANDUM OPINION**

Alfred Lane-Bey, an inmate in the custody of the Virginia Department of Corrections and proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. The case was conditionally filed, and Lane-Bey has provided all of the documents in support of his application to proceed *in forma pauperis*. He also has filed three separate motions for leave to amend his complaint. (Dkt. Nos. 8, 9, 10.)

The case is before the court for screening under 28 U.S.C. § 1915A(a). Under that statute, the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must "dismiss the complaint, or any portion of the complaint," if it is frivolous, fails to state a claim on which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring the court to dismiss an *in forma pauperis* action at any time, regardless of whether the filing fee or any portion of it has been paid, when the action fails to state a claim on which relief may be granted, among other reasons).

Pleadings of self-represented litigants are given a liberal construction and held to a less

stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Applying these standards to Lane-Bey's complaint, the court concludes that his complaint is subject to dismissal as frivolous and for failure to state a claim. Additionally, the court has considered the allegations in his various motions to amend. Even considering them, he still fails to state a claim. The court will therefore dismiss Lane-Bey's complaint and will deny his motions to amend as moot.

## I. LANE-BEY'S ALLEGATIONS[1]

Lane-Bey's original complaint names himself as a defendant (using the name under which he was convicted), a judge in the Circuit Court of Portsmouth, Virginia, and that court's Clerk. He also names three individuals at Wallens Ridge State Prison, where he was housed at the time he filed his complaint: Warden Davis, Rivero (an investigator), and K. Paderick (an ombudsman). (Dkt. No. 1.)

In his first motion for leave to amend, he asks for leave to amend the defendants. The court construes his motion as seeking to add new defendants, rather than replace any, although that is not clear from his motion. Most of those defendants are personnel at his new facility, Red Onion State Prison, and his proposed amendment does not add any additional allegations. (*See generally* 1st Mot. Amend, Dkt. No. 8.)

In his second motion for amend, he seeks to add as defendants the governor of Virginia

---

[1] The complaint also references two other prisoners, who he describes as "co-counsel." (Compl. 2.) But a litigant unassisted by counsel may not represent other plaintiffs. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Any claims on behalf of other prisoners are thus dismissed without prejudice.

and the Supreme Court of the United States, who failed to "correct, fix, or remedy . . . the wrongs committed by denying Plaintiff['s] writ of habeas corpus." (2nd Mot. Amend 3, Dkt. No. 9; *see generally id.*)

His third motion to amend seeks to add as defendants the "Commonwealth of Virginia by way of [Governor] Glenn Youngkin," the "United States Supreme Court by way of President Joe Biden," and two individuals employed by VDOC. (3rd Mot. Amend 2, Dkt. No. 10.) The two individuals, according to his proposed amendment, are using "fraudulent records" because they do not identify him as a "Moorish-American 'in propria persona.'" (*Id.* at 3.)

Lane-Bey's complaint and his claims appear to be premised on a combination of two overarching theories. The first is based on his citizenship as a "Moorish American," which he says means that the name "Alfred Darnell Lane #1655108" and its various derivatives is a "fictitious entity that [was] created to obtain jurisdiction over this Moorish-American plaintiff." (Compl. 2.) The second is the theory underlying the so-called "sovereign citizen" movement.[2]

Throughout his complaint he uses language from both of these theories. For example, he repeatedly refers to himself as "in propria persona" and "sui juris." (*Id.* at 1, 8; 1st Mot. Amend 1.) He also describes himself in his signature as "a real, live flesh and blood, breathing, non-fictional, and natural being, born of a natural mother." (1st Mot. Amend 5.)

The bulk of Lane-Bey's complaint provides background information explaining what he describes as the "status," "indigenous status," and "origin" of Moorish Americans. (Compl. 2–4.) It contains very few allegations specific to him. In a section labeled "Legal Claims," he

---

[2] Followers of this movement believe that they have special rights and often object to jurisdiction on frivolous and unfounded grounds. *See United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (noting that sovereign citizen jurisdictional arguments have "no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (sovereign citizen arguments "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion"). In some instances, the two concepts inexplicably began to merge, as summarized by one court. *See Abdullah v. New Jersey,* No. 12–4202, 2012 WL 2916738, at *2–3 (D.N.J. July 16, 2012).

3

asserts that labeling him "Black" violates Article I, Sections 9 and 10 of the Constitution, the Thirteenth Amendment, and ex post facto laws. (*Id.* at 4.) He also asserts that imprisoning "Moorish-American sovereigns" "is not justified" and violates the Eighth Amendment and the Fifth Amendment's due process clause. (*Id.* at 5.) He also appears to be challenging an order from the Circuit Court of Portsmouth, although his complaint does not specify what the order is or says, such as whether it is his criminal judgment, an order denying him habeas release, or some other order. (*Id.* at 2.)

He asks for declaratory relief, an injunction prohibiting the application of VDOC policies to "the Moorish-American sovereign," and compensatory and punitive damages. (*Id.* at 6–7.) His proposed amended complaints all request similar relief from the new defendants. (*See generally* Dkt. Nos. 8–10.)

## II.  DISCUSSION

As an initial matter, the court notes that Lane-Bey's underlying premise regarding his status as a Moorish American, as a non-United States citizen, or as a sovereign citizen does not mean that his judgment of conviction was invalid or that he is being unlawfully imprisoned. Indeed, courts have repeatedly rejected such claims, both in the context of challenging the jurisdiction of criminal courts and in civil cases challenging the propriety of the plaintiff's incarceration. *E.g.*, *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) (rejecting a claim that a federal court lacked jurisdiction over a Moorish American because "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a district court's jurisdiction in criminal prosecutions"); *Kerr v. Hedrick*, 89 F. App'x 962, 964 (6th Cir. 2004) (rejecting as "without merit" the petitioner's claim that he was exempt from punishment for his federal crimes because his rights derived exclusively from the Moorish Science Temple of

America); *Bond v. N.C. Dep't of Corr.*, No. 3:14-cv-379, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) (stating that "courts have repeatedly rejected arguments" that a plaintiff is not subject to federal or state law because of their Moorish-American citizenship); *Jones-El v. South Carolina*, No. 5:13-cv-01851, 2014 WL 958302, at *8 (rejecting claim based on status as Moorish American as "completely frivolous, whether raised under § 2254, § 2241, or by way of a civil complaint"); *Hampton v. City of Durham*, No. 1:10cv706, 2010 WL 3785538, at *2–3 (M.D.N.C. Sept. 22, 2010) (collecting cases and holding that "[a]ny claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are frivolous").

For the same reasons expressed by those courts, Lane-Bey's claims based on these theories and principles will be dismissed for failure to state a claim, and the court will not address them further. *Cf. United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (refusing to expend "any more of the Court's resources" on discussing sovereign-citizen arguments).

Similarly, the fact that VDOC's records, or the records of Lane-Bey's criminal conviction, use the name he was given at birth or list him as "Black" does not rise to the level of a constitutional violation, nor does it render him a "slave" in violation of the Thirteenth Amendment. *See Allen-El v. Eaves*, Civil Action No. GJH-22-966, 2022 WL 1997202 (D. Md. June 6, 2022) (dismissing *sua sponte* claims of Moorish-American prisoner that defendants violated his constitutional rights by labeling him as Black or African-American); *Foggel v. McKoy*, No. 5:14-CT-3053-FL, 2014 WL 11996389 (E.D.N.C. Aug. 15, 2014) (dismissing similar claims for failure to state a claim); *Gregory v. United States*, No. 5:13-CT-3157-FL, 2014 WL 1814299 (E.D.N.C. May 7, 2014) (explaining that Moorish-American plaintiff was not entitled to an injunction requiring prison officials to amend their records and change his racial classification from "Black" to "Moorish American" because he failed to state a constitutional

violation); *see also Whitfield v. Westville Corr. Facility*, No. 3:19-CV-692-JD-MGG, 2019 WL 4597357, at *2 (N.D. Ind. Sept. 19, 2019) (dismissing claims based on allegations that labeling plaintiff as a member of a "black Muslim group" violated his religious rights).

Because Lane-Bey's claims are frivolous and fail to state a claim for which relief can be granted, his complaint will be dismissed. The court will dismiss his motions to amend as moot. The court notes, though, that even if it granted the motions to amend and allowed Lane-Bey all the amendments he seeks, those amendments would not change the court's conclusion that his claims are subject to dismissal.

### III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss Lane-Bey's complaint pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) because his allegations are frivolous and fail to state a claim for which relief may be granted. His three motions to amend will be denied as moot.

An appropriate order will be entered.

Entered: May 3, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge